## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Moira Ryan, individually and
on behalf of her minor son

    v.                                    Case No. 19-cv-983-PB

Christopher M. Hicks, Sr.
U.S. Dep't of Veterans Affairs

## REPORT AND RECOMMENDATION

Plaintiff Moira Ryan has sued Christopher M. Hicks, Sr.,
the father of her minor son, and the United States Department of
Veterans Affairs ("VA"), seeking enforcement of Hicks's child
support obligations ordered by the State of Texas.  Ryan's
second amended complaint (Doc. No. 7) has been referred to the
undersigned magistrate judge for preliminary review, pursuant to
LR 4.3(d) and 28 U.S.C. § 1915(e)(2).[1]  For the reasons that
follow, the district judge should dismiss plaintiff's complaint.

---

[1]The undersigned previously recommended dismissal of both
the original and first amended complaints.  See Oct. 29, 2019
R&R (Doc. No. 3); Jan. 15 R&R (Doc. No. 6).  Plaintiff's second
amended complaint attempts to remedy legal shortcomings the
court identified in the previous two filings.  As such, the
court considers the instant complaint as the operative complaint
in this case.  See Newman v. Lehman Bros. Holdings Inc., 901
F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once
filed, normally supersedes the antecedent complaint.").
Nevertheless, to provide context and in deference to plaintiff's
pro se status, the court will consider facts in the prior
complaints that are consistent with the claims presently before
the court.  By separate orders, the court will vacate the
previous R&Rs as moot.

## I.   Preliminary Review Standard

The magistrate judge conducts a preliminary review of
complaints, like the plaintiff's, which are filed in forma
pauperis.  See LR 4.3(d).  The magistrate judge may recommend to
the district judge that one or more claims be dismissed if,
among other things, the court lacks jurisdiction, a defendant is
immune from the relief sought, or the complaint fails to state a
claim upon which relief may be granted.  See 28 U.S.C. §
1915(e)(2); LR 4.3(d).  In conducting its preliminary review,
the court construes pro se complaints liberally.  See Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint
must contain "sufficient factual matter, accepted as true, to
'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009) (citation omitted).

## II.   Background

The plaintiff lives in New Hampshire and the defendant
lives in Arkansas.  In October 2004, a Texas state court ordered
the defendant to pay $330 per month in child support on behalf
of the couple's then seven-month old child.  See Order (Doc. No.
1-4) at 11.  Plaintiff alleges that defendant, who is receiving
income from the VA, is over $95,000 in arrears on child support
payments and other child-related expenses the Texas court
ordered him to pay.  See Amended Complaint (Doc. No. 5) at 4.

2

Plaintiff further alleges that the VA has declined to garnish Hicks's monthly military pay despite a New Hampshire state court order requiring Hicks to pay.  Attached to the second amended complaint are excerpts from the VA's May 31, 2017, decision denying apportionment of Hicks's veterans' benefits.  See 38 U.S.C. § 5307(a)(2) (providing that "[a]ll or any part of the compensation . . . payable on account of any veteran may . . . if the veteran's children are not in the custody of the veteran, be apportioned as may be prescribed by the Secretary.").

Plaintiff seeks declaratory judgments against the VA to enforce the state garnishment action and against Hicks to pay child support.  Plaintiff also asks the court to order strict performance by Hicks of the state garnishment order and a temporary restraining order freezing Hicks's assets.  Second Amended Complaint (Doc. No. 7) at 5.

### III.  Legal Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The plaintiff  has the burden to establish the court's jurisdiction.  Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).  "[F]ederal courts have an independent

obligation to ensure that they do not exceed the scope of their jurisdiction . . . ." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

A. Claims Against the VA

This court does not have jurisdiction to review claims related to veterans' benefits. Such claims are governed by the Veterans Judicial Review Act, 38 U.S.C. § 511(a), which provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Id.

The VJRA further specifies that determinations made by regional VA offices may only be appealed to the Board of Veterans' Appeals, whose decisions are reviewable only by the Court of Appeals of Veterans' Claims. See 38 U.S.C. §§ 7104, 7251, 7252(a). Decisions of that court are in turn appealable only to the United States Court of Appeals for the Federal Circuit. Id. §§ 7292(a) & (c). The judgment of the Federal Circuit Court of Appeals may be appealed by writ of certiorari to the United States Supreme Court. Id. § 7292(c). See

4

Newcombe v. United States, 933 F.3d 915, 917 (8th Cir. 2019) ("A district court does not have jurisdiction over any claim that would require it to review a VA benefits determination, even if the claim is not for the benefits themselves.") (citing Jones v. United States, 727 F.3d 844, 848 (8th Cir. 2013); see also Bluestein v. U.S. Dep't of Hous. & Urban Dev., Civ. No. 13-cv-247-PB, 2013 WL 6627965, at *3 (D.N.H. Dec. 16, 1993) approving R&R (D.N.H. Nov. 12, 2013) ("Thus, in enacting the VJRA, Congress divested all courts of jurisdiction to review individual benefit claims determinations, except as specified in the VJRA."); Slater v. United States, 175 F. App'x 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or dependents or survivors of benefits.").

Here, the complaint indicates that the plaintiff has already engaged the VJRA process. Second Amended Complaint (Doc. No. 7) at 11.  That process is her exclusive avenue for relief. Accordingly, the claims against the VA should be dismissed for lack of subject matter jurisdiction.

The claims against Hicks should also be dismissed for lack of subject matter jurisdiction.  Here, the court lacks subject-matter jurisdiction because this case falls under the domestic relations exception to federal jurisdiction. "This exception, delineated by [the Supreme Court] in 1992, 'divests the federal

courts of power to issue divorce, alimony, and child custody
decrees.'" Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001)
(quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).
Child support decrees also fall under this exception. See
McInnis v. McInnis, No. 15-cv-486 JD, 2016 WL 3674162, at *1
(D.N.H. June 16, 2016) (citing Friedlander v. Friedlander, 149
F.3d 739, 740 (7th Cir. 1998); Rubin v. Smith, 817 F. Supp. 995,
998 (D.N.H. 1993)), R&R approved by 2016 WL 3676199 (D.N.H. July
7, 2016).


B.  Statutory Claims

    1.  Deadbeat Parents Punishment Act

    As she did in her previous complaints, plaintiff invokes 18
U.S.C. § 228, a statute which criminalizes the failure to pay
child support.  But as the court has previously noted, that
statute does not provide the plaintiff with a private right of
action.  Jan. 15, 2020 R&R (Doc. No. 6 at 4); Oct. 19, 2019 R&R
(Doc. No. 3 at 3-4).


    2.  Child Support Enforcement Act

    Plaintiff also repeats her request for relief under 42
U.S.C. § 651 et seq., the Child Support Enforcement Act.  Again,
however, she fails to state a cause of action.  Two provisions
of that Act allow for federal lawsuits.  Neither are applicable

6

here.  First, 42 U.S.C. § 652(a)(8) permits the Secretary of
Health and Human Services "to receive [and approve] applications
from States for permission to utilize [federal courts] to
enforce [child support orders]."  There is no indication here
that either the Secretary or an application from a state is
involved in this case.[2]  This section, therefore, cannot serve as
the basis for plaintiff's suit.  See McPherson v. Dunnings, No.
1:12-CV-246, 2012 WL 2522566, at *1 (W.D. Mich. Mar. 27, 2012)
(holding that statute allows only state enforcement actions),
report and recommendation adopted, No. 1:12-CV-246, 2012 WL
2522562 (W.D. Mich. June 29, 2012), aff'd, No. 12-1931, 2012 WL
6052067 (6th Cir. Nov. 13, 2012).


    3.  42 U.S.C. § 660

    The second section which might support a cause of action is
42 U.S.C. § 660.  This statute provides that the "district
courts of the United States shall have jurisdiction, without
regard to any amount in controversy, to hear and determine any
action certified by the Secretary of Health and Human Services
under section 652(a)(8) of this title."  But plaintiff here does
not allege that the Secretary of Health and Human Services has

---

[2]Plaintiff indicates that she has filed a report with the
Department of Health and Human Services, but prefers to try "and
find a civil solution" which avoids defendant Hicks's
incarceration.  Second Amended complaint (Doc. No. 7) at 9.

certified the action.  She therefore fails to state a claim for
relief.  See Hexamer v. Foreness, 981 F.2d 821, 824 (5th Cir.
1993) (affirming dismissal because Secretary did not certify
action).


### 4.  42 U.S.C. § 659(a)

Plaintiff also seeks relief under 42 U.S.C. § 659(a),
pursuant to which "monies due from the United States to an
individual may be garnished in accordance with state law to
enforce the individual's support obligations."  Stubli v.
Principi, 362 F. Supp. 2d 949, 951 (N.D. Ohio 2005).  But
"Section 659(a) creates neither a federal right to garnishment
nor any federal jurisdiction over garnishment proceedings. The
statute simply authorizes federal agencies to honor state court
garnishment orders providing for payment of child support and
alimony."  Id.

Accordingly, all of plaintiff's statutory claims should be
dismissed for failure to state a claim upon which relief can be
granted.

### IV.  Conclusion

For the reasons set forth herein, the undersigned
recommends that the district judge assigned to this case dismiss
plaintiff's second amended complaint for lack of subject matter

jurisdiction and failure to state a claim for which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2020

cc:  Moira Ryan, pro se